AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br>Chazz Reshawn REYNOLDS<br><br>Defendant(s) | )<br>)<br>) Case No. 2:21-mj-49<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __01/26/2021__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 846 | Conspiracy to possess with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of Methamphetamine |

This criminal complaint is based on these facts:
See attached affidavit, which is incorporated by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

Anthony Martin, SA
Printed name and title

Sworn to before me and signed in my presence.

Date: 1-27-21

_____
Judge's signature

City and state: Columbus, Ohio

Chelsey Vascure, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Anthony D. Martin, (hereafter referred to as affiant) being duly sworn depose and state:

INTRODUCTION

I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the DEA since June, 2018. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878.

Prior to being employed by the DEA your affiant was employed by the Ohio State Highway Patrol from September, 2012 until June, 2018. During this time, your affiant has accumulated the following training and experience:

(a) I graduated from the DEA Academy located at the FBI Academy, Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations.

(b) During the course of my law enforcement career I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

(c) As a DEA agent an Ohio State Trooper, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous arrests for drug related offenses. I have drafted numerous search warrants.

(d) As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§801.

(e) During the course of my law enforcement career, I have completed the following training; Ohio State Highway Patrol Training Academy (February 2013), Commercial Motor Vehicle Criminal Interdiction Training (December 2013), DEA's Basic Narcotic Investigator course (September 2016), Motor Vehicle Criminal Interdiction Association/El Paso Intelligence Center training (August 2016, August 2017), Ohio Narcotics Association Regional Coordinating Officers training (October 2016, October

2017), Ohio Narcotics Association Regional Coordinating Officers Basic Drug/Undercover Investigations course (April 2017), Basic Clandestine Lab (September 2017)

The information set forth in this affidavit comes from your affiant's personal involvement in this investigation, as well as information provided to your affiant by other law enforcement officers. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

1. On January 26, 2021, investigators were conducting parcel inspections at the United Parcel Service (USP) facility at 2450 Rathmell Road, Obetz, Ohio. During the inspection, investigators observed a parcel coming from Yuma, Arizona to 1626 Genoa Place, Columbus, Ohio. The parcel was shipped UPS Next Day Service. The shipment date of the parcel was January 25, 2021, and the expected delivery date was January 26, 2021. The parcel weighed 32 pounds and costed $295.18, which was paid in cash.

2. Upon reviewing the package and with a Columbus Police Department K9 alert investigators applied for and obtained a state of Ohio search warrant for the parcel. The search of the parcel resulted in the seizure of approximately 12,470 grams of suspected methamphetamine inside it. The methamphetamine was seized and non-drug items were placed in the packaged to replicate the weight of the seized narcotics and the package was resealed.

3. Investigators then applied for and received an anticipatory search warrant for 1626 Genoa Place. An undercover agent (UC) delivered the parcel to 1626 Genoa Place. The parcel was received but on occupant in the residence. After the parcel was received, investigators executed the search warrant on 1626 Genoa Place.

4. Upon entering the residence, investigators came in contact with Chazz Reshawn REYNOLDS. REYNOLDS was placed under arrest without incident. A search of the residence was conducted and resulted in the seizure of approximately 100 grams of suspected methamphetamine and approximately 44 grams of suspected marijuana. Observed but not seized were multiple scales.

5. REYNOLDS was advised of his Miranda warnings and agreed to speak with investigators. REYNOLDS stated that his "cousin" had sent the parcel to him and that someone was going to come to his residence and pick it up from him later. REYNOLDS stated his "cousin" was going to pay him for receiving the parcel but REYNOLDS was unsure how much. REYNOLDS stated the he assumed that there were drugs in the parcel but was not sure what kind. REYNOLDS further stated that he knew his "cousin" sold methamphetamine. This parcel was the 3rd of its kind he had received from his "cousin". When asked about the methamphetamine and marijuana in the residence, REYNOLDS stated that both were his.

Based upon my training, experience and my review of the evidence gathered by agents and other investigators assigned to this investigation, there is probable cause to believe Chazz Reshawn REYNOLDS and others have violated 21 U.S.C 846, conspiracy to possess with intent to distribute over 500 grams of methamphetamine. This affidavit is in support of a request for the issuance of a Federal complaint and arrest warrant for Chazz Reshawn REYNOLDS.

Anthony Martin
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me this 27 day of January 27, 2021.

Honorable Chelsey Vascura
Chief United States Magistrate Judge
Southern District of Ohio